# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff-Respondent,<br>  v.<br><br>LAWRENCE PUZON-BATAN,<br><br>                  Defendant-Movant. | Civ. Case No.   13cv1712 BTM<br>Crim. Case No.  05cr00928 BTM<br><br>**ORDER DENYING § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALIBILITY** |

     Defendant Lawrence Puzon-Batan has filed a § 2255 motion to vacate, set aside, or correct sentence. For the reasons discussed below, Defendant's motion is **DENIED**.

## I. BACKGROUND

     In a First Superseding Information filed on February 22, 2006, the United States charged Defendant with a single count of knowingly brandishing a firearm during and in relation to a crime of violence (a bank robbery), in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

     On February 22, 2006, Defendant entered a plea of guilty to the charge. At sentencing, the Court found that Defendant had discharged the firearm during the bank robbery and therefore sentenced Defendant to a 120-month

term of imprisonment, the mandatory minimum term prescribed by 18 U.S.C. § 924(c)(1)(A)(iii).

Judgment was entered on August 7, 2006. The Ninth Circuit Court of Appeals affirmed this Court's judgment on March 25, 2008.

## II.  DISCUSSION

Defendant moves to vacate his sentence based on the recent case, United States v. Alleyne, 133 S.Ct. 2151 (2013). As discussed below, the Court denies Defendant's motion because Alleyne does not apply retroactively to Defendant's conviction, which became final long before Alleyne was decided.

In Alleyne, the Supreme Court overruled Harris v. United States, 536 U.S. 545 (2002), and held that any fact that increases the mandatory minimum sentence is an element of the offense and must be submitted to the jury and found beyond a reasonable doubt. Alleyne specifically concerned a finding by the district court judge during sentencing that Alleyne had "brandished" a firearm, which carries a 7-year mandatory minimum sentence (18 U.S.C. § 924(c)(1)(A)(ii)), as opposed to a 5-year mandatory minimum for using or carrying a firearm. The Supreme Court held that because the finding of brandishing increased the prescribed range of sentences to which Alleyne was exposed, the fact was an element which had to be found by the jury beyond a reasonable doubt.

Alleyne clearly adopted a new rule, and if Defendant's case had still been pending on direct review at the time the decision was issued, the rule would have applied to Defendant's case. The Superseding Information did not charge Defendant with discharge of a firearm, 18 U.S.C. § 924(c)(1)(A)(iii), and during sentencing, Defendant disputed the allegation that he had discharged the firearm during and in relation to the bank robbery.

However, at the time of sentencing, the controlling law was Harris, which held that Apprendi does not apply to facts that increase the mandatory minimum sentence but not the maximum sentence, and United States v. Dare, 425 F.3d 634 (9th Cir. 2005) (following Harris as binding precedent despite the Booker and Blakely decisions). Under Harris and Dare, the Court properly made findings of fact – i.e, that Defendant discharged a firearm – that increased Defendant's mandatory minimum sentence.

Defendant argues that Alleyne applies retroactively to his case. There are two categories of cases that apply retroactively- (1) new substantive rules, including "decisions that narrow the scope of a criminal statute by interpreting its terms" and "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish"; and (2) new "watershed rules of criminal procedure" which "implicate[ ] the fundamental fairness and accuracy of the criminal proceeding." Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004) (quoting Teague v. Lane, 489 U.S. 288, 311 (1989)). In Schriro, the Supreme Court held that its decision in Ring v. Arizona, 536 U.S. 584 (2002), which applied Apprendi to Arizona's law governing the imposition of the death penalty, does not apply retroactively because Ring announces a procedural rule and does not qualify as a "watershed rule of criminal procedure." The reasoning in Schriro applies equally to Alleyne, which, like Ring, is an extension of Apprendi. In re Payne, 733 F.3d 1027, 1030 (10th Cir. 2013); United States v. Redd, 735 F.3d 88, 91-92 (2d Cir. 2013) ("Alleyne did not announce a new rule of law made retroactive on collateral review.")

Alleyne does not apply retroactively to Defendant's case. Therefore, the Court denies Defendant's § 2255 motion.

## III. CONCLUSION

For the reasons discussed above, Defendant's § 2255 motion is **DENIED**. The Court grants a certificate of appealability. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: March 24, 2014

*(signature)*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court